Dear Mr. Henderson:
This office is in receipt of your request for an opinion of the Attorney General relative to Social Security coverage on the wages of retired teachers who have been rehired.
When the Social Security Act was originally enacted in 1935 employees of a state or a political subdivision of the state were excluded from social security coverage. Subsequently by amendment voluntary agreements were authorized between the Secretary of Health, Education and Welfare and the states for social security coverage of employees of state and local governments who were not covered by a state retirement system. By agreement in Section 218 (C)(7) of the Social Security Act, (42 U.S.C. § 418(C)(7)) Louisiana employees of the state or its political subdivisions who become eligible to be covered by a retirement system are not eligible for social security coverage, and those who are not covered by a retirement system are covered by the social security system. Like the original agreement each modification is a Federal-State contract. By amendment to the Social Security Act coverage is permitted for ineligibles to the retirement system such as employees who cannot enter the retirement system because of age.
You recognize retired teachers have an option to rejoin the Teachers Retirement System upon reemployment but state under R.S.11:762 "the costs associated with reentering the system are prohibitive when compared with the projected benefits". You point out that the overwhelming majority of retired teachers that are rehired do not enter the Teachers' Retirement System. Accordingly, you maintain reentering the system is not a true option for most retired teachers.
R.S. 11:738 sets forth the requirements for a retiree of the Teachers' Retirement System upon reemployment to regain membership in the system. He must return all retirement benefits received plus interest and pay into the system an amount equal to employee and employer contributions that would have been paid had he become a member at the commencement of the resumption of covered employment plus interest from the date of service until paid.
Thus, it appears that your question is whether these prohibitive costs to rehired teachers to rejoin the Teachers' Retirement System as evidenced by the majority who do not rejoin permits them under the amendment to have social security coverage.
We must conclude, while extremely burdensome, there is presented to the rehired employee an option to rejoin the retirement system and, it is obvious the sooner he regains membership the smaller the costs that will be incurred. The greater the delay, the greater the expense. However, we find it impossible to agree that there is not a true option to rejoin the retirement system so that the rehired teacher can properly be considered as "ineligible" to be a member of the retirement system thereby qualifying for social security. This conclusion is supported by the fact that some rehired employees do return to the system although a small number.
It seems the answer to the problem is not to maintain these individuals do not have a true choice in regard to participation in the retirement system but an amendment to the statutory provisions as to the costs to rejoin the system to make a more viable option.
While this opinion may have a bearing on the issue, final determination must be made by the Social Security Administration.
We hope this opinion can be of assistance.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR